IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | |
| NORMAN A. ELLIOTT, JR., | * | 1:15-cv-106 |
| Defendant. | * | |

**O R D E R**

Presently pending before the Court is Plaintiff's Motion for Default Judgment Against Defendant Norman A. Elliott, Jr. (Doc. 10.) For the reasons below, the Court **GRANTS** Plaintiff's motion.

### I. PROCEDURAL HISTORY

On July 15, 2015, Plaintiff brought this civil action under 26 U.S.C. § 7405 to recover an erroneous refund of federal taxes paid to Defendant Norman A. Elliott, Jr. (Doc. 1.) After Elliott failed to file a timely response, Plaintiff filed an Application for Entry of Default. (Doc. 8.) The Clerk of Court entered default against him on November 4, 2015. (Doc. 9.) On March 21, 2016, Plaintiff filed the motion for default judgment

currently under review pursuant to Federal Rule of Civil Procedure 55(b)(1).

## II. ANALYSIS

### A. Default Judgment Requirements

Federal Rule of Civil Procedure 55(b) governs the Court's ability to grant a default judgment and vests the court with discretion to determine whether it should enter judgment. Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004). "[A] Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] A defendant, by his default, is only deemed to have admitted the "plaintiff's well-pleaded allegations of fact." Id. Three distinct matters are essential for the entry of default judgment: (1) jurisdiction; (2) liability; and (3) damages. Pitts, 321 F. Supp. 2d at 1356.

The Court begins with its jurisdiction. The Court possesses subject matter jurisdiction pursuant to 28 U.S.C. §§ 1340, 1345, and 26 U.S.C. §§ 7402(a) and 7405. Defendant

---

[1] In Bonner v. City of Prichard, 661 F.3d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the former Fifth Circuit's decisions prior to October 1, 1981.

2

resides in Sardis, Georgia and is therefore subject this Court's jurisdiction.

Turning to liability, generally this action concerns the United States effort to recover an erroneous refund of federal taxes paid to Defendant. (Compl. ¶ 1.) The United States brings this action under 26 U.S.C. § 7405, which provides that the United States may bring a civil action to recover erroneously refunded taxes.

By virtue of Defendant's default, the following factual allegations are deemed admitted. The IRS filed a Notice of Federal Tax Lien on October 5, 2010, against Elliott in Burke County, Georgia, his county of residence. (Compl. ¶ 6.) On November 4, 2011, another of Defendant's creditors, AGRI-AFC, LLC ("AGRI"), obtained a civil judgment against him in the Superior Court of Burke County, Georgia. (Id. ¶ 7.) AGRI then levied on a tract of Elliott's property to collect its judgment and obtained title to that property. (Id. ¶¶ 8-9.) On July 3, 2013, AGRI remitted a check to the IRS for $97,527.17 to secure a certificate of release of the Notice of Federal Tax Lien. (Id. ¶ 10.) When payment did not post promptly to Defendant's tax account, AGRI attempted to stop payment and issued a second cashier's check to the IRS for $97,543.23 on July 19, 2013. (Id. ¶ 11.) By July 22, 2013, both checks had cleared and were posted to Elliott's tax accounts for 2003 and 2006, resulting in an overpayment for 2006. (Id. ¶ 12.) On August 19, 2013, the

IRS erroneously refunded the overpayment by United States Treasury check to Elliott in the amount of $58,897.89, including $48.39 in interest. (Id. ¶ 12.) Both Defendant and Ginger R. Bridgers, Defendant's power of attorney, endorsed the erroneous refund check. (Id. ¶ 14.) After Elliott received the erroneous refund from the Internal Revenue Service, the IRS made demand for payment. Elliott failed to pay the balance shown as due on the notice of demand. (Id. ¶¶ 13-16.)

The above admissions demonstrate that Defendant violated 26 U.S.C. § 7405 by failing to return the erroneous refund.

The Court now turns to damages. As explained by the declaration of Revenue Officer of Michael Culpepper, Elliott owes a total of $62,972.16 for this liability (Doc. 10, Culpepper Dec. ¶ ¶ 14), including interest computed under 26 U.S.C. § 6602 as of March 1, 2016, plus interest and statutory additions that continue to accrue as allowed by law.

### III. CONCLUSION

The Court **GRANTS** Plaintiff's motion for default judgment. (Doc. 10.) and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** against Defendant and in favor of the United States of America in the amount of **$62,972.16** as of March 1, 2016, **plus accrued statutory interest** from that date to the date of payment in full under 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6602, 6621, and 6622.

4

In addition, the Court **GRANTS** the United States' motion to substitute counsel (Doc. 15) and **DIRECTS** the Clerk to substitute J. Thomas Clarkson for Kindra M. Baer as attorney of record in this case. Finally, the Court **DIRECTS** the Clerk to **CLOSE THIS CASE**.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA